IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NATHAN KEELER and COURTNEY KEELER, *husband and wife*, )<br>)<br>) | |
| ) | Civil Action No. 20-271 |
| Plaintiffs, ) | Chief District Judge Mark R. Hornak |
| ) | Magistrate Judge Maureen P. Kelly |
| v. ) | |
| ) | Re: ECF No. 24 |
| ESURANCE INSURANCE SERVICES, INC. )<br>ESURANCE INSURANCE COMPANY, )<br>ESURANCE, and ESURANCE, INC., )<br>)<br>Defendants. ) | |

## MEMORANDUM ORDER

Plaintiffs Nathan and Courtney Keeler (the "Keelers") filed this action against Esurance Insurance Services, Inc., Esurance Insurance Company, Esurance, and Esurance Inc. (collectively "Esurance") alleging that Esurance acted in bad faith in handling an underinsured motorist ("UIM") claim. Presently before the Court is the Keelers' "Motion to Compel Production of a Complete Copy of Esurance's 'Best Practices' Guide." ECF No. 24. For the following reasons, the motion is granted.

I.   FACTUAL AND PROCEDURAL BACKGROUND

The Keelers' lawsuit arises out of an accident that occurred on June 6, 2019, when Nathan Keeler was operating a motorcycle and was struck by vehicle that failed to yield the right of way. It is undisputed that Nathan Keeler sustained serious injuries that were not fully compensated by the tortfeasor's bodily injury liability insurance coverage. The Keelers presented their UIM claim to Esurance under a policy they purchased to insure the motorcycle. Esurance denied coverage,

claiming that the Keelers waived UIM benefits under the policy as initially purchased and as renewed. Esurance concedes that its UIM waiver forms do not comply with Pennsylvania law. ECF No. 26 at 2. However, Esurance contends that its denial was proper and that the Keelers may not recover damages for the lack of coverage because "the legislature has not provided any remedy." Id.

The Keelers initiated discovery in this federal action pursuant to Rule 26 of the Federal Rules of Civil Procedure and served Requests for Production of Documents on Esurance that included the following:

> 8. Identify and produce true and correct copies of all written policies, claims and manuals, company manuals, operational guidelines, and/or any other policies, procedures, guidelines, manuals, and/or instructional/educational material pertaining to the handling of underinsured motorist claims at Esurance from 2017 through the present.

ECF No. 24 at 2. Esurance responded as follows:

> Esurance objects to this request as calling for the discovery of confidential and proprietary information. Without waiving the objection, if plaintiffs' counsel will agree to sign a confidentiality order, Esurance will produce a copy of the Table of Contents for its claims manual and the plaintiffs can identify which chapter or chapters they believe they need to review.

Id. Counsel for Esurance later determined that a claims manual did not exist. Instead, Esurance maintains a "Best Practices" guide that it produced in part, after removing whole pages and redacting substantial portions of the remaining booklet regarding liability, subrogation, and first party medical benefits. Esurance did not specifically identify its redactions nor did it provide a privilege log. Id. at 3. Counsel for Esurance contends that evidence of claims handling is irrelevant to this proceeding because the Keelers' claim was "never 'handled' since Esurance concluded there was nothing to handle." ECF No. 26. Esurance also states "liability is not disputed in this case,

2

the nature and extent of plaintiff's injuries are not disputed, and the only issue between the parties is the propriety of Esurance's denial of coverage." Id.

## II.     STANDARD OF REVIEW

Rulings regarding the proper scope of discovery permitted under Rule 26 of the Federal Rules of Civil Procedure rest in the sound discretion of the Court. Wisniewski v. Johns–Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987). This discretion is guided by certain basic principles. First, the scope of discovery permitted by Rule 26 embraces all "relevant information." In this regard and with limitations on proportionality to the needs of the case, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26. Second, "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." Id.

Pursuant to Rule 37(a)(2)(B), if a party fails to respond or produce documents, permit inspection, or answer an interrogatory, "the discovering party may move for an order" compelling an appropriate response, whether it be production, inspection, or answer to interrogatory. See, e.g., Davis v. Does, 2020 WL 836869, at *2 (M.D. Pa. Feb. 19, 2020). A party moving to compel discovery bears the initial burden of proving the relevance of the requested information. Trask v. Olin Corp., 298 F.R.D. 244, 263 (W.D. Pa. 2014) (citing Bracey v. Harlow, 2012 WL 4857790, *2 (W.D. Pa. Oct. 12, 2012)). Once that burden is met, "the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery either does not come within the broad scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." Id.

3

### III. DISCUSSION

Pennsylvania provides redress for an insurer's bad faith denial of a claim under an insurance policy:

> To recover for a claim of bad faith under [42 PA. CONS. STAT.] § 8371, the policy holder must show that the insurer: (1) did not have a reasonable basis for denying benefits under the policy, and (2) knew or recklessly disregarded its lack of a reasonable basis in denying the claim. Terletsky v. Prudential Property and Casualty Insurance Co., 649 A.2d 680, 689-90 (Pa. Super. 1994).
>
> * * *
>
> Actionable bad faith encompasses behavior beyond the denial of a claim without a reasonable basis and can extend to an insurer's investigation of a claim. A variety of carrier actions can constitute bad faith, including "a frivolous or unfounded refusal to pay, lack of investigation into the facts, or a failure to communicate with the insured." Frog, Switch & Mfg. Co., Inc. v. Travelers Ins. Co., 193 F.3d 742, 751 n. 9 (3d Cir. 1999); see also Terletsky, 649 A.2d at 688. Bad faith can also include an unreasonable delay in handling claims. See Willow Inn, Inc. v. Public Serv. Mut. Ins. Co., 399 F.3d 224, 235 (3d Cir. 2005).

Bogats v. State Farm Mut. Auto. Ins. Co., No. 2:18-CV-708, 2020 WL 7027480, at *7 (W.D. Pa. Nov. 30, 2020).

Esurance contends that its "Best Practices" guide is irrelevant to the Keeler's bad faith claim because the claim was never handled, and that production would otherwise cause it harm based on the nature of the plaintiffs' counsel's law firm; that is, a well-advertised law firm that represents "injured people."  ECF No. 26 at 5.

 "Courts in this Circuit have determined that information contained in [claims manuals and training materials] is relevant because the manuals contain instructions concerning procedures used by insurance company employees in handling UIM claims, like Plaintiffs' claims herein. Though departures from established standards in handling a UIM claim would not alone establish bad faith, such information "is probative evidence for plaintiff to demonstrate bad faith." Pastin v.

4

Allstate Insurance Company, No. 17-cv-1503, 2018 WL 10229727, at *3 (W.D. Pa. Sept. 18, 2018).  See also Stephens v. State Farm Fire and Cas. Co., No. 1:14-cv-160, 2015 WL 1638516, at *4 (W.D. Pa. Apr. 13, 2015) ("[i]t is well-settled that manuals and other training materials are relevant in bad faith insurance litigation where they contain instructions concerning procedures used by employees in processing claims")(collecting cases).

The Keelers argue that despite Esurance's reservations concerning production, they are entitled to those portions of the guide that relate to "the evaluation and handling of an injury and/or UIM claim" to establish that Esurance acted in bad faith when it processed their claim in a manner inconsistent with established practices.  ECF No. 24.  That Esurance failed to process the claim at all does not necessarily render guidelines as to how claims are ordinarily processed irrelevant and, at this stage of the proceedings, it cannot be said that the information sought is unrelated to the facts at issue.  The Keelers acknowledge limitations on the scope of discovery and concede that information in the Best Practices guide "pertaining to rental vehicles, property damage, vehicle theft, and other sections unrelated to the evaluat[ion] and/or handling of an injury claim" may properly be withheld through redaction and a privilege log identifying and setting forth the reasons for  each redaction.  The Keelers have therefore met their initial burden to establish the relevance of the requested material within the broad scope of permissible discovery and Esurance has failed to adequately show that the information, limited to the handling of UIM claims for bodily injury, is irrelevant simply because it denied the claim.

As to Esurance's second objection, the Court has reviewed the applicable Federal Rules of Civil Procedure regarding discovery and finds no limitation based on a law firm's advertising budget or the nature of its legal representation of injured persons, and Esurance points to none.  If Esurance is concerned with the potential future use of materials obtained in discovery, its counsel

has adequately demonstrated the ability to negotiate and draft an appropriate confidentiality agreement. ECF No. 24 at 2.

IV.     **CONCLUSION**

For the foregoing reasons, the Motion to Compel is properly granted. Accordingly, the following Order is entered:

**ORDER**

AND NOW, this 9th day of December, 2020, upon consideration of the Motion to Compel filed on behalf of Plaintiffs Nathan and Courtney Keeler, ECF No. 24, and the brief in opposition thereto filed by Esurance Insurance Services, Inc., Esurance Insurance Company, Esurance, and Esurance Inc, ECF No. 26, and for the reasons set forth in the accompanying Memorandum, the Motion to Compel is GRANTED. The Best Practices guide must be produced by December 16, 2020.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order. Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to file a timely appeal will constitute a waiver of any appellate rights.

BY THE COURT:

*/s/ Maureen P. Kelly*
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: The Honorable Mark R. Hornak
United States District Judge

All counsel of record via CM/ECF